[Civ. No. 8834. First Appellate District, Division One.—December 29, 1933.]

MARY SILVESTER, Respondent, v. THOMAS E. SCAN-LAN et al., Appellants.

Bronson, Bronson & Slaven and Stanley J. Smith for Appellants.

Elliott Johnson and Ford & Johnson for Respondent.

THE COURT.—Action for damages for personal injuries. A verdict was rendered for plaintiff in the sum of $12,500. A motion for a new trial was made and denied. From the judgment entered on the verdict this appeal is taken.

The facts surrounding the case are without dispute. On May 29, 1929, plaintiff was walking on the sidewalk on Washington Street, in Oakland, in front of a building owned by defendants Agnes E. McMullen, Ida O. Jones and G. H. Jones. The building was being painted by defendants Scanlan and Miller. At this time a portion of the gutter was dislodged from the roof by one of the painters and it fell to the street, striking plaintiff a glancing blow. The portion of the gutter that fell was hollowed out so that it was an inch or so in thickness. Plaintiff was dazed or rendered unconscious by the blow and was taken to the Central Emergency Hospital. The surgeon in charge found a slight abrasion on the right side of her neck and another slight abrasion over the right collar-bone. A little iodine was applied to the abrasions and plaintiff left the hospital. Thereafter she brought this action for damages. At the conclusion of the trial a jury rendered a verdict in the sum of $10,000 against all the defendants. About three weeks thereafter private investigators hired by defendants made the acquaintance of plaintiff and succeeded in having her pose for moving pictures. These pictures of plaintiff portrayed a vigorous, well-co-ordinated person acting like any normal person would act, without any evidence of neurosis from which she claimed at the trial to be suffering. The pictures were made the basis of a motion for a new trial, it being claimed that plaintiff had suffered no damage, but was malingering and that her claim of injuries was without merit and dishonest. The court granted the motion on the question of damages alone. A second trial was had, resulting in a verdict for plaintiff in the sum of $12,500. It is from the judgment based thereon that the present appeal is taken.

The plaintiff, as part of her case, introduced evidence to show that she was at times unable to do her housework or practically any work at all; that she suffered from fainting spells and had to be put to bed and on occasions remained there for three or four days at a time; that she was compelled to recline on a couch at frequent intervals during the day and could not move her head backward or forward without becoming dizzy; that her sight was blurred; that she could not walk any distance unassisted, and could not completely dress or undress herself. There was also medical

testimony to show that plaintiff was suffering from traumatic neurosis, or nervousness, following her slight physical injury.

The moving pictures above referred to were in evidence and there was medical testimony to show that the activity displayed by plaintiff in the pictures did not necessarily preclude the existence of a traumatic neurosis. The pictures represented plaintiff as wrestling with a dog, playing ball, and indulging in setting-up exercises. Dr. Warren Allen, neurologist of Oakland; Dr. Milton B. Lennon, chief of the department of psychiatry of the University of California, and Dr. Walter F. Schaller, professor of psychiatry at Stanford University Medical School, all testified in effect that the activity exhibited by plaintiff in the moving pictures was absolutely inconsistent with her claim of disability, and that she was malingering. Dr. Allen had on the first trial supported plaintiff in her testimony, but on the present trial testified that plaintiff had imposed upon him; that upon the first trial he had based his opinion of her injuries upon her false statements. There was also testimony to show that plaintiff had suffered from the ailments of which she complained long prior to the date of the accident. Records from the Berkeley Health Center were in evidence and they showed that plaintiff had visited that institution prior to the date of her injuries for relief from pains in the back, weakness and frequent headaches. Notwithstanding the evidence to the effect that plaintiff was a malingerer and a fraud, the jury, as above stated, rendered a verdict in her favor for $12,500. Motion for a new trial was made and denied and judgment followed the verdict.

Appellants urge several grounds for a reversal. They claim that the facts and circumstances of the case show a miscarriage of justice of the clearest and most pernicious type; that the attorney for the plaintiff cleverly developed the fact that an insurance company rather than the nominal defendants was primarily interested in the action; that the record is replete with instances of grossly improper interrogations by such attorney, and with many erroneous rulings of the court on evidence; that the record shows the improper actions and statements of counsel created an atmosphere of prejudice toward defendants, which was reflected in a demonstration by the spectators, and which prevented defendants from having a fair trial. It is also claimed that the

damages awarded are excessive and inspired by passion and prejudice; and finally, that the court erred in the giving and refusing to give certain instructions, which action was prejudicial to defendants. We need only discuss the latter objection, as we are of the opinion that the giving of certain of the complained-of instructions compels a reversal of the judgment.

It is not claimed that plaintiff suffered any substantial physical injuries, her claim being that her injury consisted of a traumatic neurosis or nervousness. The court instructed the jury that it might take into consideration in connection with assessing damages the question as to whether or not the injury sustained by plaintiff might reasonably be expected to cause any mental worry in the future. It is admitted that certain of the instructions relating to damages for future pain and suffering correctly state the law if an instruction upon the subject was proper, but it is urged that the concluding portion of one of the instructions was erroneous for the reason that it stated the jury could consider whether or not the injury might *reasonably be expected to cause the plaintiff any mental worry in the future*. Whether this portion of the instruction correctly states the law or not is unimportant as no instruction on the subject of future work was justified. Section 3283 of the Civil Code provides that "damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof, or certain to result in the future". In construing this section it has been said that to justify a recovery for future consequences the evidence must show with *reasonable* certainty that such consequences will follow. The fact that in the minds of the jurors the disability indicated may follow, or is likely to or will probably follow as a result of the injury, will not warrant a verdict for damages. (*Cordiner* v. *Los Angeles Traction Co.*, 5 Cal. App. 400 [91 Pac. 436].) Here there was no evidence that plaintiff would with reasonable certainty suffer any future disability as the result of her alleged injuries. In order to prove apprehended consequences, plaintiff called two medical witnesses who testified concerning future impairment. There was also read in evidence the testimony of another physician who testified at the previous trial. None of these witnesses testified that they were certain plaintiff would suffer in the future; on the contrary,

their testimony shows that any opinion they might give as to future mental suffering would be highly speculative. Consequences which are contingent, speculative or merely possible are not to be considered. It is not enough that the injuries received may develop into more serious conditions than those which are visible, nor even that they are likely to develop. To entitle a plaintiff to recover present damages for apprehended future consequences, there must be evidence to show such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury. Here there is no such evidence. By reason of the giving of the instructions referred to, it is impossible to say what portion of the verdict was given to plaintiff for her slight physical injury and subsequent alleged suffering, and what portion represented prospective damages for mental ailments that might or might not be suffered in the future.

For the reasons given the judgment is reversed.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 26, 1934.

Curtis, J., and Preston, J., dissented.