[Civ. No. 10716. First Appellate District, Division Two.—April 27, 1938.]

NADINE BABB, a Minor, etc., Respondent, v. J. H. MURRAY, Appellant.

Charles V. Barfield and F. E. Hoffman for Appellant.

Francis N. Foley for Respondent.

NOURSE, P. J.—In an action for personal injuries brought by a three and one-half months old child through her guardian, the jury returned a verdict for $7,500. Judgment was

entered on the verdict, and the defendant has appealed on the single ground that the award is excessive.

The evidence of the injuries suffered by the child is not in conflict. She was riding in an automobile with her father and mother when the car collided with one operated by the defendant. At the time of the collision the child was being held on the lap of the mother; she was thrown forward against some part of the automobile causing a fracture of both femurs. She was taken to a hospital where she remained for five weeks under a physician's care. This physician testified that, because of her age, he was unable to give the child an anesthetic, and was afraid to reset the bones by manipulation. He strapped her to a crib and fastened weights to each foot, by which process he pulled the bones of the legs into position. At the time of the trial the child was ten months old. The physician attending her testified that there was then some slight appearance of deformity where the bones had knit, but that this would disappear in four or five years. Both legs were slightly shorter than normal, but both were of equal length. He could not say that this shortening would be a permanent condition. The father and the mother of the child, and the physician called by them, testified that the child had made a complete recovery, was "all right", and perfectly normal at the age of ten months. Evidence was offered that the physician intended to charge three hundred dollars for his services, but the record does not disclose what expenses were incurred by the parents for hospitalization of the plaintiff or what they recovered as special damages.

Bearing directly on the question of the excessiveness of the verdict is the evidence tending to show that the defendant was intoxicated; that the mother of the child was so seriously injured in the collision that she was unable to be with her daughter during the treatment in the hospital; that the father was also injured; that the defendant was arrested on the night of the collision and taken from the hospital to the county jail; and that he was driving with a woman who was not his wife and who was killed in the collision. Though much of this evidence was controverted, the plaintiff laid undue stress upon her version of it, for the obvious purpose of inflaming the minds of the jury against the defendant. We do not say that any of this evidence was improperly

admitted; we refer .to it, and to the emphasis put on it, to show the atmosphere under which the jury was asked to evaluate the monetary damages suffered by the plaintiff.

An "excessive" verdict has been held to be one which appears to be the result of "passion and prejudice." In *Doolin* v. *Omnibus Cable Co.*, 125 Cal. 141, 144 [57 Pac. 774], the court said: "To say that a verdict for damages was enhanced by passion or prejudice is one mode of saying that the evidence did not justify it; and the only means of discovering therein the element of passion or prejudice, within the meaning of the statute, is by comparing the amount with the evidence which was before the court at the trial."

Section 3333 of the Civil Code declares the measure of damages in cases of this kind to be "the amount which will compensate for all the detriment proximately caused thereby". Section 3283 of the Civil Code permits an award for detriment "certain to result in the future". To entitle a person to recover under the latter section there must be evidence "to show such a degree of probability of their (the injuries) occurring as amounts to a reasonable certainty that they will result from the original injury". (*Silvester* v. *Scanlan*, 136 Cal. App. 107, 111 [28 Pac. (2d) 97].) Here the undisputed evidence is that the child made a normal recovery and will suffer no permanent disability.

The items of physical suffering, pain and mental anguish, which in so many cases go to make up the "detriment" in cases of this kind, were incapable of proof because of the age of the child. There was neither medical nor scientific testimony offered to show whether the child suffered any pain at all, or over any appreciable period. Manifestly, she did not know what happened to her and, not knowing, was without fear or mental anguish. If the bones of the leg at that age are so tender that they would knit without much pain, the child's suffering would be appreciably less than that of a grown person. All these matters are in the sphere of conjecture, and the jurors could not call on their own experiences, · because experiences at that age are not registered. Ordinarily when the individual has received no permanent injuries—no scars, deformities, mental or nervous defects, the award in cases of this kind is in the nature of a monetary compensation for the physical and mental

suffering. But here the child would be unable to enjoy the "compensation" without being reminded of the injuries. This factor makes it the more difficult to determine what will "compensate for all the detriment" caused by the negligent act. These circumstances leave no sound basis upon which the damages can be fairly estimated, but, bearing in mind that the child suffered no permanent injuries and that she was normal and well at the time of the trial, we cannot escape the conclusion that the award was grossly disproportionate to the physical injuries proved, and that this award was prompted by the prejudice raised against the defendant, as heretofore noted.

Only two of the cases cited to us give any assistance in the solution of the problem. They are *Gackstetter* v. *Market St. Ry. Co.,* 10 Cal. App. (2d) 713 [52 Pac. (2d) 998], and *Trigueiro* v. *Skow,* 24 Cal. App. (2d) 253 [74 Pac. (2d) 836]. In both cases the plaintiff was a child about four years of age. In both, the physical injuries were somewhat similar to those here, but in both some evidence was taken of the sufferings of the victim, and of the fact that some permanent injuries would result. In the first case the verdict was reduced to $5,000. In the second it was reduced to $3,000. In the Skow case the child suffered a fracture of one femur and abdominal injuries. The medical and hospital treatment was similar to that given the plaintiff herein, but the mother recovered special damages in the sum of $898. Upon a review of all the evidence in the light of these decisions, we conclude that a judgment of $4,000 is an ample award.

For these reasons the judgment is reversed and the cause remanded for a new trial upon the issue of damages alone, unless within thirty days from the filing of the *remittitur* in the trial court plaintiff shall remit from the judgment all except the sum of $4,000 and the costs taxed therein. If such remission be so made, the judgment shall stand affirmed as so modified, and plaintiff shall recover her costs of appeal.

Sturtevant, J., and Spence, J., concurred.