CITIES SERVICE GAS COMPANY, a
corporation, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

Magnolia Petroleum Company,
Intervenor.

No. 5666.

United States Court of Appeals
Tenth Circuit.

May 14, 1958.

Rehearing Denied June 10, 1958.

Further Rehearing Denied July 15, 1958.

Conrad C. Mount and Robert R. Mc-Cracken, Oklahoma City, Okl. (O. R. Stites, Oklahoma City, Okl., was with them on the brief), for petitioner.

William W. Ross, Washington, D. C. (Willard W. Gatchell and Howard E. Wahrenbrock, Washington, D. C., were with him on the brief), for respondent.

Ross Madole, Roswell, N. M. (Frank C. Bolton, Jr., and William S. Richardson, Dallas, Tex., were with him on the brief), for intervenor.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

The petitioner, Cities Service Gas Company, seeks to review and thereupon to set aside an order of the Federal Power Commission issued March 21, 1957, as modified May 17, 1957, accepting for filing a rate schedule submitted by the intervenor, Magnolia Petroleum Co. Authority for review is found in Section 19 (b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b).

The Commission accepted the rate schedule as filed pursuant to the provisions of Section 4(c) of the Natural Gas Act, 15 U.S.C.A. § 717c(c) and the pertinent regulations, 18 C.F.R. 154.92(a) and 154.93. The filing included a gas purchase contract entered and executed by petitioner and Magnolia on June 17, 1946, which provided for a sale of gas at a basic six cents per Mcf 16.4 p. s. i. a., and an order of the Kansas Corporation Commission, effective January 1, 1954, which set an eleven-cent minimum price, 14.65

p. s. i. a., on gas produced from the field covered by the contract. The Commission order was filed as Supplement 26. At such time petitioner had unsuccessfully attacked the authority of Kansas to regulate rates upon gas purchased for resale in interstate commerce, Cities Service Gas Co. v. Kansas Corporation Commission, 180 Kan. 454, 304 P.2d 528, but the subsequent reversal of the Kansas holding by the United States Supreme Court, 355 U.S. 391, 78 S.Ct. 381, 2 L.Ed. 2d 355, premises petitioner's present contentions. In harmony with the earlier holdings of Phillips Petroleum Co. v. State of Wisconsin, 347 U.S. 672, 74 S.Ct. 794, 98 L.Ed. 1035, and Natural Gas Pipeline Co. of America v. Panoma Corp., 349 U.S. 44, 75 S.Ct. 576, 99 L.Ed. 866, the U. S. Supreme Court found the Kansas Corporation Commission without authority to set rates upon the gas herein involved. The eleven-cent rate as evidenced by Supplement 26 was thus determined to be an invalid compulsion upon petitioner and Magnolia.

Since the issuance of the Kansas Corporation Commission order of January 1, 1954, petitioner has paid the eleven-cent rate under protest and in furtherance of its protest instituted an action against Magnolia in the U. S. District Court for the District of Kansas in which a determination of contract rights was sought. Pursuant to an order of that court, payments since July 22, 1955, have been made into court and the court has paid over to Magnolia amounts equal to the six-cent contract price and has impounded the remainder of the eleven-cent payment. The District Court action is still pending.

Magnolia's tendered rate schedule was accepted for filing by the Federal Power Commission on March 21, 1957, with recognition of the parties' existing controversy worded "subject, however to the express condition that such acceptance is without prejudice to any claims or contentions which have been made by or for Magnolia Petroleum Company or by or for Cities Service Gas Company in pending litigation concerning this particular

sale of gas." Both companies petitioned for rehearing and clarification and the Power Commission then issued its order of May 17, 1957, "Modifying Order Accepting Rate Schedule for Filing and Denying Petitions for Rehearing." The modification to the original order was the removal of the condition set out above. Petitioner's further efforts for rehearing were rejected because "there is no provision under the Natural Gas Act nor in the Commission's rules for applications for rehearing of orders denying rehearing."

In support of review, petitioner now urges that the Power Commission erred in accepting the eleven-cent state-ordered minimum price as the rate to be paid by petitioner on and after June 7, 1954; [1] that the decision in Cities Service Gas Co. v. Kansas Corporation Commission, supra, rendered the order of that commission void ab initio; and that this court should adjudicate the contract price and effective rate as of June 7, 1954 to be six cents. The respondent Commission answers that the acceptance of a rate schedule for filing is not a determination by the Commission as to the validity or reasonableness of the rate and that the order complained of was merely procedural and interlocutory and not subject to review; the Commission concedes that petitioner should recover, in a proper action, any excess payments but contends that the Kansas order is and always has been but a nullity in the filing and cannot be the basis for any relief to petitioner. Magnolia urges that the Commission order is but interlocutory and not reviewable and that petitioner is not aggrieved and has not exhausted the administrative remedies; and pointing out that the

eleven-cent rate was the actual amount paid on June 7, 1954, asserts that there is no error in the orders of the Power Commission.

We consider first the jurisdictional aspects of the review sought.

As was recognized in Phillips Petroleum Co. v. Federal Power Commission, 10 Cir., 227 F.2d 470, certiorari denied Michigan Wisconsin Pipe Line Co. v. Phillips Petroleum Co., 350 U.S. 1005, 76 S.Ct. 649, 100 L.Ed. 868, Section 19(b) of the Natural Gas Act does not by its terms limit the review of orders of the Commission to those which are final in form and substance. But it is entirely proper, in order to keep in proper perspective the duties and powers of administrative bodies with respect to their specialized fields, for courts to avoid conflicts by refusing to interfere in matters yet within the consideration of the Commission. Thus it has been held that an order of the Commission is not reviewable unless there has been an application to the Commission for rehearing; nor is an order granting a rehearing subject to review. Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 58 S.Ct. 963, 967, 82 L.Ed. 1408. It is there said:

"The statute contemplates a case in which the Commission has taken evidence and made findings. Its findings, if supported by evidence, are to be conclusive. * * * The provision for review thus relates to orders of a definitive character dealing with the merits of a proceeding before the Commission and resulting from a hearing upon evidence and

1. Petitioner argues here that the Kansas Corporation Commission order, in view of earlier decisions of the U. S. Supreme Court was so patently invalid that the Federal Power Commission erred in giving any cognizance to the order and should have rejected it when filed by Magnolia. We reject that argument. On the pertinent date, June 7, 1954, the authority of the Kansas Commission had been upheld by the Kansas Supreme Court, the highest judicial body that had then considered the precise question in-

volved. It was not the function of the Federal Power Commission to pass upon the question of whether or not the Kansas Supreme Court was in error. Good administrative policy dictates otherwise. The inherent difficulties that may arise from a later change in judicial interpretation are not attributable to administrative fault. Our books of law carry many cases requiring reversal of a lower court by reason of a change occurring between trial and appeal.

supported by findings appropriate to the case."

■■ Such language must be read in relation to the facts of the case and, so limited, does not establish an inflexible standard requiring a conventional hearing and resulting in findings supported by evidence as a condition to review. Otherwise, the procedure for review could be successfully circumvented by a refusal to act upon a statutorily granted right. Pacific Power & Light Co. v. Federal Power Commission, 9 Cir., 98 F.2d 835. An order of an administrative body is reviewable when action taken in advance of hearings or adjudication result in the setting of legal consequences, Columbia Broadcasting System v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563. The order of the agency is final for purposes of review when it imposes an obligation, denies a right, or fixes some legal relationship as a consummation of the administrative process, Isbrandtsen Co. v. United States, 93 U.S. App.D.C. 293, 211 F.2d 51, certiorari denied Japan-Atlantic and Gulf Conference v. United States, 347 U.S. 990, 74 S.Ct. 852, 98 L.Ed. 1124 and cases cited therein.

The present case is comparable to that considered by us in Phillips, supra, [227 F.2d 475] wherein we stated:

"The orders sought to be reviewed here do not deal with the merits of the proceedings before the Commission in the sense that they were entered upon evidence concerning the reasonableness of the rates. They do not purport to finally determine Phillips' wholesale rates. That matter is left to a conventional hearing in these proceedings. But the orders do purport to establish with finality the wholesale rates which Phillips was authorized to charge Michigan on June 7, 1954 and thereafter until changed by order of the Commission pursuant to hearing."

Also similar in impact to the case at bar is the order accepting a new schedule filed by a natural gas company in United Gas Pipe Line Co. v. Mobile Gas Service Corp., 350 U.S. 332, 76 S.Ct. 373, 100 L.Ed. 373.

We consider, as did the Third Circuit in a similar case, Natural Gas Pipeline Company of America v. Federal Power Commission, 3 Cir., 253 F.2d 3, the contention of the Commission and Magnolia that petitioner is not aggrieved within Section 19(b) of the Natural Gas Act most unrealistic. Petitioner has been compelled to pay eleven cents for its gas, and wrongfully so, because the Commission's acceptance of the rate schedule was pro forma the acceptance of the rate then being paid. To assert that petitioner's aggrievement lay with the invalid Kansas Corporation Commission order and not with the Power Commission's acceptance of Schedule 26 is but to play with words. Petitioner was twice aggrieved and has properly and consistently pursued separate remedies. And, since petitioner's complaint lies in the action of the Power Commission in accepting a rate schedule which was not the effective rate on the critical date, petitioner could not and need not pursue an administrative remedy under Section 5 of the Natural Gas Act to show that the accepted rate was unjust and unreasonable.

■ In view of the interpretation of the Natural Gas Act giving the Commission power to review rates set initially by contract, but providing no procedure by the contracting parties to either make or change rates, United Gas Pipe Line Co. v. Mobile Gas Service Corp., supra, petitioner should not bear the burden of convincing the Commission that rates which it never assented to and which were imposed upon it by an invalid order are unreasonable.

Additionally, Section 19(b) provides that the court of appeals "shall have exclusive jurisdiction to affirm, modify, or set aside" the orders of the Commission. The power of a district court to grant reparation of amounts paid pursuant to an invalid order accepted as a current rate by the Commission is presently be-

ing questioned by a petition for certiorari of the case of Natural Gas Pipeline Co. of America v. Harrington, 5 Cir., 246 F.2d 915. Regardless of petitioner's right to pursue its remedies for the return of money paid prior to March 21, 1957, its rights to redeem excess payments made subsequent to the Commission's action are further imperiled in a separate action by the existence of the outstanding Commission order.

■ The question of whether or not petitioner has fully exhausted its administrative remedies is partially resolved by our determination that the order of the Commission was a final order and by petitioner's efforts to have the order changed by its protest and petition for rehearing. Petitioner was not obligated to undertake the burden of persuading the Commission to take action to invalidate the rate as unreasonable or detrimental to the public interest in accordance with Section 5.

That petitioner should have sought a declaratory order under Section 5(d) of the Administrative Procedure Act, 5 U.S.C.A. § 1004(d) to terminate a controversy or remove an uncertainty is an argument obviously without merit. The position of the Commission was clearly announced and the petitioner's position was made known to the Commission— there was no uncertainty which had not been resolved by the Commission's action on the petitions.

■ Finally, although the Commission admits the present invalidity of the Kansas order and offers to eventually expunge it from its records as void ab initio, the intervenor insists that the legally effective rate for the period of time during which payments were made in accordance with the order was the eleven-cent rate. Magnolia, in accordance with the definition of "rate schedule" contained in the Commission's regulations, 18 C.F.R. 154.93, filed its contract and twenty-seven other supplementary documents "effective and applicable on and after June 7, 1954, showing the service to be provided and the rates and charges, terms, conditions, classifications, practices, rules and regulations affecting or relating to such rates and charges * * *."

■ If the Kansas order were valid, there is no question but that despite the protests of the parties the contract would be altered by the order. Petitioner accepted this proposition by paying the ordered rate although it sought to have the order declared invalid. Having succeeded it is in no worse position than the consumer in United Gas Pipe Line Co. v. Mobile Gas Service Corp., supra, which was aggrieved by the filing of a unilaterally increased rate initiated by its producer. The Act recognizes the rights of the parties to set rates by individual contract and abrogates none of the usual contract rights except for the reviewing powers granted the Commission upon hearing. As was said in the Mobile case [350 U.S. 332, 76 S.Ct. 380]:

"Our conclusion that the Natural Gas Act does not empower natural gas companies unilaterally to change their contracts fully promotes the purposes of the Act. By preserving the integrity of contracts, it permits the stability of supply arrangements which all agree is essential to the health of the natural gas industry. Conversion by consumers, particularly industrial users, to the use of natural gas may frequently require substantial investments which the consumer would be unwilling to make without long-term commitments from the distributor, and the distributor can hardly make such commitments if its supply contracts are subject to unilateral change by the natural gas company whenever its interests so dictate. * * * On the other hand, denying to natural gas companies the power unilaterally to change their contracts in no way impairs the regulatory powers of the Commission, for the contracts remain fully subject to the paramount power of the Commission to modify them when necessary in the public interest. The Act thus

affords a reasonable accommodation between the conflicting interests of contract stability on the one hand and public regulation on the other."

In the present case, as in the Mobile case, no hearing has been held to determine the propriety of the filed rate. When the United States Supreme Court struck down the Kansas order, there was no longer a valid order which could modify the contract rate, and the contract rate was the rate effective on June 7, 1954. See Natural Gas Pipeline Company of America v. Federal Power Commission, supra.

Intervenor, however, asserts that by their contract Magnolia and Cities Service agreed to abide by orders of any regulatory body until such time as the same was held with finality to be invalid.

"All of the provisions of the contract are subject to all legislation, State or Federal, with respect to the subject matter hereof, and to all present and future gas proration and other applicable orders, rules and regulations of duly constituted authorities having jurisdiction unless the same shall be declared or held, with finality, to be invalid or ineffective with respect thereto  * * *."

To so interpret the contract would require a strained and unnatural construction of the parties' intent and a substitution of the word "until" for "unless".

The Commission, in a supplemental memorandum, states by way of clarification of its brief in chief that it is not admitting that the contract rate is six cents per Mcf. This is a matter neither proper for our determination nor raised in the issues before us. Our duty is to merely set aside the order of the Commission accepting the filed rate and to direct the Commission to strike Supplement No. 26 from its files. Our authority is then exhausted. Cf. Sunray Mid-Continent Oil Co. v. F. P. C., 353 U.S. 944, 77 S.Ct. 792, 1 L.Ed.2d 794.

It is so ordered.