Earl MUSTAIN, d/b/a Mustain Cash Store, et al., Petitioners,

v.

UNITED STATES of America, Orville L. Freeman, Secretary of Agriculture of the United States, G. R. Grange, Acting Director of Fruit and Vegetable Division of the United States Department of Agriculture, and W. E. Paulson as head of the Regulatory Branch of the Fruit and Vegetable Division of the Agriculture Marketing Service of the United States Department of Agriculture, Respondents.

No. 6963.

United States Court of Appeals
Tenth Circuit.

Jan. 29, 1963.

4. See Rule 16, Federal Rules of Criminal Procedure; 18 U.S.C. § 3500. Cf. Cooper v. United States, 9 Cir., 282 F.2d 527 (1960).

William A. Black, Denver, Colo., for petitioners.

Barbara W. Deutsch, Washington, D. C. (Joseph D. Guilfoyle, Acting Asst. Atty. Gen., and Sherman L. Cohn, Washington, D. C., on the brief), for respondents.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Petitioners seek to invoke the jurisdiction of this court under the Hobbs Act, 5 U.S.C.A. § 1032, as a means of receiving relief from certain procedures taken by the Department of Agriculture in the administration of the Perishable Agricultural Commodities Act, 1930, 46 Stat. 531, as amended, 7 U.S.C.A. § 499a. Complaint is made that respondent Paul-

son, in his capacity as a designated officer of the Department of Agriculture, has by letter to each of petitioners indicated that the Department considers petitioners to be subject to licensing under the Act and has threatened to invoke the punitive provisions of the Act for continued non-compliance. Petitioners assert that the purported basis for the demand lies in the definition contained in 7 C.F.R. 46.2(w) [1] and that such definition is in conflict with the provisions of the Act.

Under sections 2 and 4 of the Hobbs Act this court has jurisdiction to review only final orders of the Secretary of Agriculture and then only upon petition filed within sixty days after entry of such order. The petition in the case at bar fails in each of these jurisdictional limitations.

The letters of respondent Paulson are but an advisory step in the administrative process and have no present impact upon petitioners. They are not final orders. Cities Service Gas Co. v. F. P. C., 10 Cir., 255 F.2d 860, 863; Amerada Petroleum Corp. v. F. P. C., 10 Cir., 285 F.2d 737. Similarly the definition contained in 7 C.F.R. 46.2(w) is not a final order and, in addition, was promulgated more than sixty days prior to the filing of this action. The relief here sought, to declare the petitioners not subject to licensing under the Act, is declaratory in nature and patently does come within the exception of Columbia Broadcasting System, Inc. v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563.

The petition is dismissed for lack of jurisdiction.

---

1. "(w) 'Wholesale or jobbing quantities,' as used in section 1(6) of the act, means aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received, or any single transaction totaling one ton (2,000 pounds) or more in weight."