[Civ. No. 476. Fifth Dist. Sept. 16, 1965.]

CLOYCE L. JONES, Plaintiff and Appellant, v. McFAR-
LAND CO-OP GIN, INC., Defendant and Respondent.

Miles, Sears & Franson, Creede, Dawson & McElrath and J. M. McElrath for Plaintiff and Appellant.

Borton, Petrini, Conron, Brown & Condley and Walter H. Condley for Defendant and Respondent.

STONE, J.—Appellant Jones, an employee of Hardwicke-Etter Company, recovered a $25,013.90 judgment for injuries received while working on equipment at respondent's gin. Liability of the gin was based upon a violation of its duty as statutory employer to furnish plaintiff a safe place to work. By a judgment notwithstanding verdict, Jones' recovery was reduced by $6,013.90, the amount of his employer's lien for workmen's compensation benefits paid to him. The judgment was reduced upon the ground that Hardwicke-Etter, the direct employer of Jones, was guilty of concurrent negligence, despite the jury's answer to a special interrogatory that there was no negligence on the part of Hardwicke-Etter.

Since Jones has received the compensation payments from his employer and cannot recover twice, he appeals as statutory trustee for his employer's insurance carrier.

Plaintiff was injured while repairing cotton ginning equipment known as a Hustler green stick machine, which his employer had sold to defendant-respondent, McFarland Co-op Gin, Inc.

Cotton is processed by a number of machines connected by large sheet metal pipes or ducts to form something of an assembly line. The green stick machine, designed to remove debris from the cotton, was installed in the line. Fins or baffles inside the machine are adjusted from the side of the unit and Hardwicke-Etter manufactures machines with or without a platform or guardrails from which adjustments can be made. The gin bought a unit without either platform

or guardrails. The purchase agreement provided for installation of the unit by the gin but once installed, Hardwicke-Etter agreed to assume the responsibility of keeping the machine operating properly.

On the day in question Mr. Abbott, a machinist and equipment repairman for Hardwicke-Etter, attempted unsuccessfully to adjust the machine. He worked on a temporary platform consisting of two wooden planks, 2 by 12 inches, laid alongside the machine, resting on a 2-by-2-inch angle iron framework at each end of the machine. The planking was reached by an ordinary stepladder. Although the adjustment area was 10 feet above a concrete floor, not even temporary guardrails or handgrips were provided. Significantly, the machine could not be observed in operation from the temporary platform at the side, but only through a glass window at the end of the unit where there was no planking or temporary platform.

Late in the afternoon plaintiff accompanied the Hardwicke-Etter district manager, Mr. Hale, from district headquarters in Tulare to the McFarland Co-op Gin, some 60 miles south. Upon arrival at the gin, Hale and plaintiff talked with the gin manager, Mr. Dibble, about the machine, and thereafter plaintiff climbed to the platform where Abbott was working.

Plaintiff and Abbott adjusted the baffles and asked to have the equipment started so they could observe its performance. In order to look through the window, plaintiff stepped to the end of the machine and stood on the angle iron framework. A flange protruding about three-fourths of an inch provided the only handhold. Plaintiff mis-stepped or lost his balance, fell to the concrete floor below, and sustained serious injuries.

Plaintiff's judgment was based upon the gin's failure, as statutory employer, to provide him a safe place to work, as required by Labor Code sections 3300, 6301-6304, and 6400-6404. That the work area was unsafe is not questioned on this appeal; the sole question is whether the gin is liable for the compensation payments Hardwicke-Etter's carrier made to plaintiff. The answer to this question lies in whether plaintiff was acting within the scope of his employment at the time he was injured. If he was, then as a matter of law Hardwicke-Etter is chargeable with concurrent negligence by the violation of Labor Code sections 6400-6404, in not furnishing its employee, plaintiff, a safe place to work. (*Conner* v. *Utah Constr. & Mining Co.,* 231 Cal.App.2d 263, 276 [41 Cal.Rptr.

728]; *Scott* v. *John E. Branagh & Son,* 234 Cal.App.2d 435, 443 [44 Cal.Rptr. 384].)

In discussing whether plaintiff was acting within the course and scope of his employment at the time of the accident, we are mindful that an appellate court will not affirm a judgment entered notwithstanding verdict if there is any substantial evidence to support the verdict, and that the evidence must be viewed in the light most favorable to the appellant. (*Truck Insurance Exchange* v. *Stilley,* 213 Cal.App. 2d 311, 321 [28 Cal.Rptr. 588].)

In support of the contention that plaintiff was acting outside the scope of his employment, it is argued that plaintiff was the San Joaquin Valley sales manager for Hardwicke-Etter, not a mechanic, and that Abbott, not plaintiff, was the company's maintenance man. However, plaintiff was hired as a salesman for Hardwicke-Etter partly because he had worked as a sheet metal man and designer, installing gins all over the San Joaquin Valley. After being hired as a salesman plaintiff was sent to the Sherman, Texas, plant to learn about the green stick machine. In the trunk of his car he carried coveralls having Hardwicke-Etter's emblem on the back, and he testified it was his job to make any adjustments or do any tinkering with machines necessary to keep Hardwicke-Etter's customers satisfied. So, even if plaintiff was observing and tinkering with the machine out of curiosity, as Mr. Hale, the district manager, implies in his deposition, nevertheless he was acting within the scope of his employment as sales manager.

Although Hale said he could not remember whether he asked plaintiff to accompany him to the McFarland gin, or whether plaintiff simply volunteered to go, it is not denied that plaintiff changed his plans in order to go. Plaintiff was in Laton, Kings County, late in the afternoon when he called headquarters at Tulare. After talking with Hale, who told him the green stick machine at McFarland was not operating properly and that Abbott, the repairman, had been working on it a good part of the day and had not been able to eliminate the trouble, plaintiff gave up a planned trip east to a gin near Visalia and went south to Hardwicke-Etter's district headquarters at Tulare. He then got into Hale's automobile and the two of them went 60 miles south to McFarland. Immediately upon arrival at the gin, Hale and plaintiff conferred with the gin manager, Mr. Dibble, and after this

conference plaintiff climbed the ladder, stood on the planking, and helped Abbott adjust the baffles. In his deposition, Hale said he did not recall seeing plaintiff working on the machine, but he admitted that he might have been. It is incredible to us that Hale did not look up to observe the men working on the machine he had driven 60 miles to reach, a machine he was under contract to maintain in working condition.

To summarize Hale's testimony, upon which plaintiff relies so heavily, he did not deny that he requested plaintiff to accompany him to McFarland, Hale just could not remember; he did not deny that he saw Abbott and plaintiff working on the wooden planking, he could not remember. Inferences drawn from such equivocal testimony are not based on substantial evidence and do not impel a reviewing court to overturn a judgment entered notwithstanding a verdict.

Plaintiff argues that *Conner* v. *Utah Constr., supra,* and *Scott* v. *John E. Branagh & Son, supra,* can be distinguished, as in those two cases a superior directed the employee to work in an area which the superior knew was unsafe or should have known it to be. If we understand plaintiff's application of this argument to our case, it is that even though Hale, plaintiff's superior, knew or should have known that the area was unsafe, the rationale of the *Conner* and *Scott* cases cannot apply because Hale did not *direct* plaintiff to climb the ladder and work on the machine.

We do not conceive the doctrine of an employer's concurrent liability for violation of Labor Code sections 6301-6304, and 6400-6404, to be so tightly encompassed. An employer's liability, under *Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], is predicated on concurrent negligence, and the law of negligence is fashioned around the concept of the reasonable mind. ■ An employer who as a reasonable person should anticipate that his employee's work is likely to carry him into an unsafe place, cannot escape liability by simply turning his back, knowing that his employee is likely to be working there.

■ Plaintiff makes the additional argument that the jury could have found Hardwicke-Etter relieved of any responsibility under the following instruction given by the trial court:

"The rule requiring an employer to furnish his employees with a safe place to work does not apply to employees hired to make a dangerous place safe or to effect repairs."

The instruction is not applicable to the facts of this case, and it should not have been given. Hardwicke-Etter contracted to maintain the machine in working order, and Abbott and plaintiff were not adjusting the machine to effect an occasional repair in the sense the word "repair" is used in the instruction. Abbott and plaintiff were performing the maintenance contract of their employer, Hardwicke-Etter, at the time of the accident.

The judgment is affirmed.

Conley, P. J., and Brown (R.M.), J., concurred.

A petition for a rehearing was denied October 14, 1965, and appellant's petition for a hearing by the Supreme Court was denied November 10, 1965.