64 N.J. Super. 344 (1960)
165 A.2d 840
ROCCO ZOTTA, PLAINTIFF-RESPONDENT,
v.
OTIS ELEVATOR COMPANY, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT, AND UNITED STATES STEEL CORPORATION, A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1960.
Decided December 5, 1960.
*346 Before Judges CONFORD, FREUND and KILKENNY.
Mr. John E. Keale argued the cause for defendant-appellant (Messrs. Beggans and Keale, attorneys; Mr. Donald F. Stevens on the brief).
Mr. John J. Gaffey argued the cause for defendant (Messrs. Gaffey & Webb, attorneys).
Mr. David Roskein, attorney for plaintiff (Mr. Myron W. Kronisch, of counsel).
The opinion of the court was delivered by KILKENNY, J.A.D.
This appeal is from an order of the Superior Court, Law Division, denying a motion by defendant Otis Elevator Company (hereinafter "Otis"), for leave to file a third-party complaint against plaintiff's employer, Arthur G. McKee and Co. (hereinafter "McKee"). By its proposed third-party action Otis seeks to obtain contribution from McKee under Pennsylvania law for any *347 damages which it might be required to pay plaintiff. The main action has not yet been tried.
Plaintiff Rocco Zotta, a resident of New Jersey, alleged in his complaint that he was injured on August 8, 1957, while working at the Morrisville, Pa. plant of defendant United States Steel Corporation (hereinafter "Steel"). Zotta was then an employee of McKee, which had been engaged by Steel as the general contractor for the construction of a blast furnace at its aforesaid plant. Otis was a subcontractor of McKee in doing part of the job. Zotta contends that his injuries occurred in the motor room of an elevator shaft where Otis had installed a freight elevator.
Subsequent to the accident Zotta began to receive workmen's compensation benefits from McKee under the Pennsylvania Act. However, on October 16, 1958 Zotta was also awarded compensation by the New Jersey Workmen's Compensation Division, which had jurisdiction because Zotta's contract of hire was entered into at the union hiring hall in Trenton, N.J. The amount of the New Jersey award was $1,927.50, and took into account, as a credit, the amount Zotta had already received under the Pennsylvania law.
On October 21, 1958 Zotta filed the present action against Otis and Steel, alleging that his injuries were the proximate result of their negligence.
Answers were subsequently filed by both defendants, and each defendant in its respective answer cross-claimed against the other defendant for contribution and indemnification.
The suit was pretried on July 23, 1959, without any mention then of the applicability of Pennsylvania law. Thereafter, on February 29, 1960, on the motion of Steel and with the consent of the other parties, the pretrial order was amended to include as a legal issue the law of Pennsylvania, insofar as it would apply to the liability of the defendants.
Subsequently, on March 29, 1960, Otis moved for leave to file its third-party complaint against McKee, in which it sought indemnification and contribution under Pennsylvania law. The court below denied this motion with prejudice, *348 and an order was so entered on April 27, 1960. This appeal followed after leave granted on June 2, 1960.
Otis does not contest on this appeal the denial of its motion as to its claim for indemnification, but claims error in the denial of its asserted right to file a third-party complaint for contribution.
Under Pennsylvania law, in a common law negligence action by an injured employee against a third-person tortfeasor, the defendant may implead the plaintiff's employer, to obtain contribution. If the employer is found jointly responsible for the injury, then the original defendant would have a right of contribution against the employer, limited to the amount of the compensation payable by the employer to the employee. Because of "equitable considerations," Pennsylvania allows a defendant tortfeasor to implead the employer, as an alleged joint tortfeasor, even though the Pennsylvania workmen's compensation law precludes a direct cause of action in tort by the employee against his employer. Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 (Sup. Ct. 1940); Rau v. Manko, 341 Pa. 17, 17 A.2d 422 (Sup. Ct. 1941); Shaull v. A.S. Beck New York Shoe Co., 369 Pa. 112, 85 A.2d 698 (Sup. Ct. 1952); Puller v. Puller, 380 Pa. 219, 110 A.2d 175 (Sup. Ct. 1955); Davis v. Miller, 385 Pa. 348, 123 A.2d 422 (Sup. Ct. 1956); Brown v. Dickey, 397 Pa. 454, 155 A.2d 836 (Sup. Ct. 1959); Fisher v. Diehl, 156 Pa. Super. 476, 40 A.2d 912 (Super. Ct. 1945); O'Connor v. Alan Wool Steel Co., 150 F. Supp. 435 (D.C.E.D. Pa. 1957); Panichella v. Pennsylvania Railroad Co., 167 F. Supp. 345 (D.C.W.D. Pa. 1958); see Annotation, 53 A.L.R.2d 977.
New Jersey, however, following the majority view, holds that where, because of the workmen's compensation law, the negligence of the employer does not give his injured employee a cause of action in tort against him, the third-person tortfeasor cannot recover contribution even though the employer's concurring negligence was the proximate cause of the injury. The essence of the doctrine of contribution, *349 by the New Jersey and majority view, is a common obligation to the person injured by the common tortious conduct. Fault alone is not enough; there must be a joint liability to respond to the injured person in damages for the consequences of the default. Kennedy v. Camp, 14 N.J. 390 (1954); Guerriero v. U-Drive It Co. of N.J., 22 N.J. Super. 588 (Law Div. Essex County 1952); Farren v. New Jersey Turnpike, 31 N.J. Super. 356 (App. Div. 1954).
Plaintiff's common law action here is based on the tort of negligence. Following the traditional approach in conflicts of laws, the law of the locus delicti governs the rights of the parties to recover for torts. In the case sub judice, the accident having occurred in Pennsylvania its substantive law determines the right and quantum of recovery. It would seem, too, that Pennsylvania law should govern here the right of contribution between Otis and McKee, if their concurring negligence in Pennsylvania caused plaintiff's injuries.
However, the lex fori controls matters of remedy and questions of practice and procedure. Also, the forum may refuse to enforce foreign-created rights, where the foreign law offends our public policy. Masci v. Young, 109 N.J.L. 453 (E. & A. 1932), affirmed 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158 (1933). But a mere difference between our law and that of another jurisdiction does not necessarily mean that New Jersey must treat the foreign law as offensive to our public policy. Wilson v. Faull, 27 N.J. 105 (1958); Buzzone v. Hartford Accident & Indemnity Co., 23 N.J. 447 (1957).
We point out the above factors to indicate our appreciation of the difficult conflict of laws problem involved herein and to show that Otis' third-party claim is not patently devoid of any potential merit. However, we choose not to decide the conflict of laws question on the merits at this time, because of a procedural deficiency existing at the present posture of the case. Since the trial court denied *350 Otis' motion to file its third-party complaint against McKee, we face the difficulty of deciding the propriety of that denial on the merits without the presence of McKee, which alone would be adversely affected by our reversal of that order. While our decision would not preclude McKee's raising the issue anew by motion under R.R. 4:14-1, it appears unfair to prejudge the merits of the matter without giving McKee an opportunity to be heard. It would also be inexpedient to have to decide the issue twice.
While Steel has filed its brief and argued orally in favor of the trial court's action, we observe nothing in the record to show that Steel can be aggrieved or suffer any pecuniary loss by the allowance of Otis' third-party action against McKee. So, too, the plaintiff cannot be hurt by permitting this third-party complaint. Plaintiff filed no brief, other than a letter in which he adopted the position of Steel, and no oral argument was made in his behalf.
Therefore, we hold only that Otis has shown a sufficiently probable or prima facie contributive liability to it by McKee, in the event plaintiff recovers against Otis, to have required the trial court, in an appropriate exercise of discretion, to grant the motion to file the third-party complaint. See Douglas v. Sheridan, 26 N.J. Super. 544 (Law Div. 1954). However, as noted above, we are not here determining the merits of that possible liability of McKee to Otis. While a motion under R.R. 4:14-1, as in this case, is discretionary with the trial court, Reinhardt v. Passaic-Clifton National Bank, 16 N.J. Super. 430 (App. Div. 1951), the factors here in favor of granting the motion outweigh those contra. Defendant Otis should not be required to try a factual case twice, where many of the facts material to the question of its liability to plaintiff are substantially the same as those involved in its right to contribution against McKee. The policy of our present practice is to avoid unwarranted fractionalization of a controversy. See Cross v. Robert E. Lamb, 60 N.J. Super. 53 (App. Div. 1960), certification denied 32 N.J. 350 (1960). By permitting *351 the filing of Otis' third-party complaint against McKee, we shall have all the interested parties in court, so that, if and when the meritorious issue is raised and decided again, as upon a motion by McKee to dismiss the third-party complaint, we shall not be faced with our present procedural difficulty of passing upon the merits of a substantial question on appeal without the presence of the only party who could be aggrieved by our decision.
The order of the trial court denying Otis' motion to file its third-party complaint is reversed, and the case is remanded to the trial court with the direction that it permit Otis to file its third-party action against McKee, but without prejudice to the rights of the parties to proceed thereafter with reference thereto, as they deem expedient.