**MEMORANDUM OPINION**

[L.A. No. 30262. In Bank. Nov. 27, 1974.]

MONICA M. GREGORY et al., Petitioners, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
R. J. BEAUMONT & ASSOCIATES et al., Respondents.

**COUNSEL**

J. Adrian Palmquist and Jeffrey L. Abate for Petitioners.

Charles Lawrence Swezey, Sheldon C. St. Clair, Kiernan & Finnegan, B. James Finnegan and E. P. Kiernan for Respondents.

**COUNSEL**

**THE COURT.** — Petitioner Monica M. Gregory, widow of decedent Harvey G. Gregory, and Gary B. Gregory and Matthew C. Gregory, minor sons of decedent, seek review of the opinion and order denying reconsideration of the Workmen's Compensation Appeals Board (Board) which affirmed the referee's order dismissing petitioners' application for workmen's compensation benefits on the ground that defendants' credit equal to the net amount of the third party recovery secured by petitioners was far in excess of the maximum potential workmen's compensation recovery.

On June 27, 1971, decedent while employed as a land investment counselor by defendant R. J. Beaumont and Associates sustained injuries arising out of and occurring in the course of his employment, which injuries resulted in his death. Decedent while riding in a chartered plane with clients on a return trip to San Diego was killed at Shelter Cove when the plane crashed into the water. Petitioners brought an action for damages for wrongful death against various third parties which was settled in December 1972 for $225,000. Although the defendants in said wrongful death action did not invoke the concurrent negligence of decedent's employer in order to defeat the employer's right of reimbursement and thus secure a reduction of any judgment petitioners might obtain (see *Witt* v. *Jackson* (1961) 57 Cal.2d 57, 71-73 [17 Cal.Rptr. 369, 366 P.2d 641]), both employer and Mission Insurance Company (Mission), its workmen's compensation insurer were aware of petitioners' action against the third parties.

In the meantime, on April 5, 1972, petitioners filed with the Board their application for adjustment of claim in the present proceedings seeking payment of death benefits. At the hearing on May 11, 1973, in addition to issues requested to be determined by petitioners, defendant Mission raised for the first time the claim that if petitioners had settled their third party action for damages, said defendant would be entitled to credit against the employer's compensation liability up to and including the total amount of such settlement. (See Lab. Code, §§ 3858, 3861.) The referee then suspended the hearing pending the filing by Mission of points and authorities in support of its claim for credit.

Having been subsequently advised that the amount of petitioners' net recovery in the third party action after payment of litigation expenses and attorney fees far exceeded the maximum death benefits possibly recoverable in the proceedings before the Board, the referee directed petitioners to file points and authorities in support of their contention that defendants were not entitled to credit in the amount of such recovery or their application would be dismissed. Upon petitioners' failure to do so, the proceedings were dismissed with prejudice. The Board denied reconsideration holding that petitioners had failed to meet their burden of demonstrating that defendants were not entitled to credit.[1] The referee in his report on petition for reconsideration noted that *Corley* v. *Workmen's Comp. Appeals Bd.* (1971) 22 Cal.App.3d 447 [99 Cal.Rptr. 242] supported defendants' position.

The central issue[2] presented to us for resolution is whether the Board

[1]The opinion and order denying reconsideration recites in words and substance the following: Petitioners were requested by the referee to state when and if the third party litigation had been concluded by settlement or other disposition. One of petitioners' attorneys thereafter informed the referee that the third party action had been settled in an unknown amount whereupon the referee requested more particulars. Petitioners' counsel requested additional time "professing ignorance of the exact amount of the settlement. . . ." Defendants' counsel filed with the Board a certified copy of a superior court order approving compromise of claim for a gross amount of $225,000. "As far as the actual substance of the controversy is concerned, it appears to us that when a third-party recovery is shown which is several times the maximum potential workmen's compensation recovery, the burden of proving that the compensation claim is not completely subrogated to or rendered moot by the much larger recovery is upon the applicant. Here, in spite of the lack of cooperation by applicants' attorneys, the record discloses a six-figure net recovery to applicants."

[2]Petitioners present two subsidiary arguments which may be briefly disposed of. First, they claim that the Board denied them a hearing on the issue of the employer's concurrent negligence. While the record discloses that the referee dismissed the case with prejudice after petitioners failed to timely file points and authorities showing defendants were *not* entitled to the credit, essentially the referee had determined to allow the credit and petitioners claimed lack of opportunity to be heard in reality raises the same basic issue referred to above.

Second, petitioners argue that defendants' claim of the credit is inconsistent with

acted without or in excess of its powers by allowing, as a credit to defendants to be applied against their liability for compensation, the net amount recovered by petitioners by the settlement of their third party action for wrongful death, without determining whether or not defendant employer was concurrently negligent in respect to decedent's death.

In *Roe v. Workmen's Comp. Appeals Bd., ante,* p. 884 [117 Cal.Rptr. 683, 528 P.2d 771], we hold (1) that the concurrent negligence of the employer bars his right to a credit against his liability for compensation for the amount of any recovery for his injury obtained by the employee by settlement of his cause of action against third parties; and (2) that where the employer's negligence has not been adjudicated in such third party action, the applicant is entitled to have it adjudicated before the Board.

In the instant case, as previously pointed out, petitioners' third party action for wrongful death was settled before trial and the issue of the employer's concurrent negligence was never adjudicated. Clearly then, under our holding in *Roe,* petitioners are entitled to have such issue determined in appropriate proceedings before the Board and the Board, depending on its determination of such issue, will thereafter allow or decline to allow, as the case may be, the credit provided for in sections 3858 and 3861 of the Labor Code.

The order of the Board denying reconsideration is annulled and the case is remanded to the Board for further proceedings in accordance with this opinion.

**BURKE, J.**\*—I dissent, for the reasons stated in my dissenting opinion in *Roe v. Workmen's Comp. Appeals Bd., ante,* page 884 [117 Cal.Rptr. 683, 528 P.2d 771].

Clark, J., concurred.

---

their denial of workmen's compensation liability and that by such denial they waived the claim for credit. We perceive no inconsistency. Defendants merely took the position that if they were liable for the death benefits they were entitled to the credit.

\*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.