133 N.J. Super. 297 (1975)
336 A.2d 73
HOWARD SCHWEIZER, PLAINTIFF,
v.
ELOX DIVISION OF COLT INDUSTRIES AND GENERAL ELECTRIC COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
SENTRY INSURANCE COMPANY, STATUTORY SUBROGEE OF METEM CORPORATION, THIRD-PARTY DEFENDANT. STANLEY J. KRAWCZUK, PLAINTIFF,
v.
ELOX DIVISION OF COLT INDUSTRIES AND GENERAL ELECTRIC COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
SENTRY INSURANCE COMPANY, STATUTORY SUBROGEE OF METEM CORPORATION, THIRD-PARTY DEFENDANT. STANLEY J. KRAWCZUK AND CAROLYN KRAWCZUK, PLAINTIFFS,
v.
ELOX DIVISION OF COLT INDUSTRIES, DEFENDANT. LINDA BARTON, ADMINISTRATRIX AD PROSEQUENDUM, ETC., PLAINTIFF,
v.
ELOX DIVISION OF COLT INDUSTRIES AND GENERAL ELECTRIC COMPANY, THIRD-PARTY PLAINTIFF,
v.
SENTRY INSURANCE COMPANY, STATUTORY SUBROGEE OF METEM CORPORATION, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
February 25, 1975.
*298 Mr. Edmond J. Dwyer, Jr. for plaintiff Howard Schweizer (Messrs. Jung, Dwyer and Lisbona, attorneys).
Mr. David S. Cramp for defendant Elox Division of Colt Industries, Inc. (Messrs. Schenck, Price, Smith and King, attorneys).
Mr. Bernard F. Conway for defendant and third-party plaintiff General Electric Company (Messrs. Conway and Belsole, attorneys).
Mr. John J. Ronca for third-party defendant Sentry Insurance Company (Messrs. Ronca and McDonald, attorneys).
Mr. Vincent J. Infinito for plaintiffs, Stanley J. Krawczuk and Carolyn Krawczuk (Messrs. Dunn and Infinito, attorneys).
*299 Mr. Carl Greenberg for plaintiff Linda Barton (Messrs. Porzio, Bromberg and Newman, attorneys).
GASCOYNE, J.C.C., Temporarily Assigned.
These four actions arise out of an industrial accident which occurred on April 30, 1971. Plaintiffs were employees of Metem Corporation (Metem) and all were injured while on their employer's premises. Sentry Insurance Co. (Sentry) is the workmen's compensation carrier for Metem and has paid plaintiffs benefits pursuant to its insurance policy. Plaintiffs instituted suit against Elox Division of Colt Industries (Elox) and General Electric Company (G.E.) charging that their injuries were proximately caused by the negligence of Elox and G.E. By leave of court, G.E. was permitted to file a third-party complaint joining Sentry as a statutory subrogee. G.E. alleges that to the extent that Sentry seeks reimbursement for payments made or to be made by it to the various plaintiffs, any judgment against G.E. should be reduced to the extent of such payments because of the concurrent negligence of Metem. To put it another way, G.E. argues that Sentry's right to reimbursement should be barred since it should not benefit from the concurrent negligence of its insured. G.E. vehemently argues that it does not seek to hold Metem and hence Sentry liable as a joint tort-feasor, and further contends that it does not seek to disturb the rights of plaintiffs regarding compensation benefits. It does seek to reduce its liability to plaintiffs to the extent that Sentry is liable to plaintiffs for compensation benefit, i.e., a pro tanto reduction of any judgment against it to the extent that Sentry has paid or will pay plaintiffs. Sentry moved for dismissal for failure to set forth a cause of action pursuant to R. 4:6-2(e).
While this argument is of novel impression in New Jersey, it has been decided and accepted in other jurisdictions, notably Pennsylvania, California and North Carolina.
*300 To anyone who has had any dealings with a workmen's compensation carrier in seeking to dispose of third-party actions such as these, there is a certain practical appeal to G.E.'s argument. Too often a favorable disposition of such actions is frustrated by the carrier's refusal to compromise its lien, thus making disposition impossible. The matter must then proceed to trial, ofttimes to the detriment of the plaintiff-employee. These factors, together with the philosophy that a subrogee should not be allowed to profit by the wrongful acts of its subrogor, gives impetus to the position advocated by G.E.
Under the law of this State certain basic principles are firmly established.
When the employer and employee elect to have their rights adjudged and fixed pursuant to the terms of the compensation act then the common law remedy in tort falls by reason of the statutory contract for compensation, based not upon the principle of tort but on remuneration regardless of fault to the injured employee. [Danek v. Hommer, 9 N.J. 56, 60 (1952)]
The Workmen's Compensation Act was intended
* * * to accomplish an economic reform in the legal rights and responsibilities between employer and employee, and to accomplish its purpose it made the employer responsible to this employee for injuries sustained in an accident arising out of and in the course of his employment even though no negligent act of the employer caused the accident and even though the accident was the result of the negligent act of a third party. United States Casualty Co. v. Hercules Powder Co., 4 N.J. 157, 163 (1950).
An employee cannot "lawfully maintain an action in tort against his employer, hence the employer is not liable in tort". Farren v. N.J. Turnpike Auth., 31 N.J. Super. 356, 361 (App. Div. 1954).
Historically, when the Workmen's Compensation Act was enacted in 1911 the act made no provision for the reimbursement of the employer or his insurance carrier out of any proceeds recovered by way of judgment against or settlement *301 with a third party who was responsible for the employee's injury or death. The employer had to continue payments pursuant to any award despite any recovery against a third party by the employee. The injured employee or his dependents could retain all compensation payments for which his employer was responsible under the act and at the same time recover and retain in full damages resulting from his common law right of action in tort against the third-party wrongdoer. To remedy this inequity, the Legislature, through a series of amendments, made provision for complete reimbursement to the employer or his insurance carrier as presently set forth in N.J.S.A. 34:15-40. As was noted by the court in United States Casualty Co. v. Hercules Powder Co., supra:
Obviously the purpose of this amendatory legislation was to set up a comprehensive plan within the structure of the Workmen's Compensation Act for regulating and marshaling the rights and responsibilities of the several parties concerned in compensation payments where, in the course of his employment, injury or death comes to a workman as the result of the fault of a third party. There is retained for the benefit of the injured employee or his dependents the benefit of his common law action against such third party in which the application of the common law rule for the assessment of damages may result in the recovery of an amount in excess of the total amount of the compensation awarded according to the statutory formula prescribed by the act. At the same time the evil of the old law is obviated by providing for the reimbursement of the employer or his insurance carrier out of the proceeds of any such recovery from or settlement with the third party tort-feasor. [at 165 of 4 N.J.]
Thus, this right to reimbursement from such third-party recovery is derived from the employer's or his insurance carrier's "statutory subrogation under N.J.S.A. 34:15-40." United States Casualty Co. v. Hercules Powder Co., supra; Roberts v. All American Engineering Co., 104 N.J. Super. 1 (App. Div. 1968).
With this background it would be in order to examine the bases of the majority and minority views in order to determine which comports closer to the public policy as enunciated *302 by our courts. The minority view takes two separate approaches to the problem.
In Brown v. Southern Ry. Co., 204 N.C. 668, 169 S.E. 419 (Sup. Ct. 1933), the court said:
* * * Nevertheless, when the employee or his estate has been satisfied, and the employer seeks to recover the amount paid by him, from such third party, his hands ought not to have the blood of the dead or injured workman upon them, when he thus invokes the impartial powers and processes of the law. [169 S.E. at 420]
The court went on to hold that the judgment against the third-party tortfeasor is reduced pro tanto by the amount to which the plaintiff employee would be entitled under the Workmen's Compensation Act. See also Essick v. City of Lexington, 233 N.C. 600, 65 S.E.2d 220 (Sup. Ct. 1951); Lovette v. Lloyd, 236 N.C. 663, 73 S.E.2d 886 (Sup. Ct. 1953); Hunsucker v. High Point Bending & Chair Co., 237 N.C. 559, 75 S.E.2d 768 (Sup. Ct. 1953). It is interesting to note that the North Carolina Legislature has now amended its statute (G.S. § 97-10.2), incorporating the holdings of its Supreme Court.
Pennsylvania also permits the impleading of the employer for the purpose of showing his contributory negligence. However, upon a finding of negligence on the part of the employer, Pennsylvania employs a different modus operandi in giving a third-party tortfeasor relief. The third-party tortfeasor's contribution is limited to the amount of compensation payments made by the employer to the employee or his representative. Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 (Sup. Ct. 1940); Brown v. Dickey, 397 Pa. 454, 155 A.2d 836 (Sup. Ct. 1959). Thereafter, if the third-party tortfeasor satisfies the balance of the judgment after a pro tanto reduction for such payments, the employer or his insurance carrier make payments for the balance still due and owing pursuant to the workmen's compensation agreement directly to the third-party tortfeasor or his insurance *303 carrier. Stark v. Posh Construction Co., 192 Pa. Super. 409, 162 A.2d 9 (Super. Ct. 1960).
Parenthetically, it should be noted that Pennsylvania seemingly would permit the employer to be held liable for the negligence of a coemployee, Maio v. Fahs, supra, while North Carolina does not hold the employer liable under the doctrine of respondeat superior but only for his independent negligence. Poindexter v. Johnson Motor Lines, 235 N.C. 286, 69 S.E.2d 495 (Sup. Ct. 1952); Brown v. Southern Ry. Co., supra; Lovette v. Lloyd, supra.
California adhered to the majority rule prior to the enactment of the Joint Tortfeasors Contribution Act of 1957 (Code of Civil Procedure, §§ 875-880). The court equated the seeking of a reduction to the extent that plaintiff had been paid benefits pursuant to the Labor Code with an attempt to secure contribution between joint tortfeasors. See Finnegan v. Royal Realty Co., 35 Cal.2d 409, 218 P.2d. 17 (Sup. Ct. 1950). In Witt v. Jackson, 57 Cal.2d 57, 17 Cal. Rptr. 369, 366 P.2d 641 (Sup. Ct. 1961), the court held that the enactment of the Joint Tortfeasors Contribution Act made prior holdings obsolete. The court went on to adopt the North Carolina rule and, after quoting the above portion of the Brown case, continued by saying:
* * * The Lovette case, supra, reiterated the same argument in more moderate language: "It is contrary to the policy of the law for the employer, or his subrogee, the insurance carrier, to profit by the wrong of the employer." (73 S.E.2d at pp. 891-892). (See also Stark v. Posh Construction Co., 192 Pa. Super. 409, 162 A.2d 9, 12.) This policy should prevail here since there is nothing in the Labor Code to suggest that the Legislature contemplated that a negligent employer could take advantage of the reimbursement remedies that those sections provide. In the absence of express terms to the contrary, these provisions must be deemed to be qualified by Civil Code, section 3517 which provides that "No one can take advantage of his own wrong." Thus, whether an action is brought by the employer or the employee, the third party tortfeasor should be able to invoke the concurrent negligence of the employer to defeat its right to reimbursement, since, in either event, the action is brought for the benefit of the employer to the extent that compensation benefits have *304 been paid to the employee. (See Lovette v. Lloyd, supra, 73 S.E.2d at p. 892). [17 Cal. Rptr. at 377, 366 P.2d at 649]
See Roe v. Workmen's Compensation Appeals Bd., 12 Cal.3d 884, 117 Cal. Rptr. 683, 528 P.2d 771 (Sup. Ct. 1974); Gregory v. Workmen's Compensation Bd.., 12 Cal.3d 899, 117 Cal. Rptr. 694, 528 P.2d 782 (Sup. Ct. 1974).
The majority jurisdictions follow the reasoning that the employer should be reimbursed by the third-party tortfeasor despite any concurrent negligence on his part because the relevant portion of the Workmen's Compensation Act does not expressly preclude recovery, or alternatively, that since the employer stands in the shoes of his employee, the concurrent negligence of the employer does not bar the employee and hence neither can it bar the employer. The majority view is exemplified in General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S.W.2d 442 (Mo. Sup. Ct. 1932), wherein the court said:
* * * The sole test of liability of the third party to the subrogated employer is the liability of the third party to the injured servant or his dependents, and it clearly is no defense to the third party's liability for his own negligence to show that another party, his employer, was also negligent concurrently and contributing thereto. Moreover, the employer is by this statute subrogated to the rights of the injured employee, or his dependents in case of death, against the negligent third party, and the law certainly is that the right of an injured party or his dependents to recover damages against a party whose negligence caused the injury is not defeated or impaired by the fact that another party's negligence also aided or contributed to the injury. At most, the negligence of the plaintiff, employer, made it and the defendant, the negligent third party, joint tort-feasors, and the injured employee, Clark, or his dependents, had a right under the general law, except as modified by the Workmen's Compensation Act, to sue and recover full damages against either tort-feasor, and the concurrent or contributory negligence of the other tort-feasor is wholly immaterial as a defense or in diminution of the amount of recovery. Our Courts have held that, while the Workmen's Compensation Act deprives the injured employee, or his dependents in case of death, of the right to maintain a suit based on negligence against his employer when such act applies, the compensation allowed being exclusive * * * yet the right of such employee to sue and recover against the negligent third party remains unimpaired by such act, *305 * * * Under these provisions of the statute, it is properly held that the employer takes over unimpaired the injured employee's whole cause of action against the negligent third party, defendant in this case, by statutory assignment rather than strict subrogation, and, so far as the negligence of the third party is concerned, steps in the shoes of the injured employee. * * * The suit of the subrogated employer is not one pro tanto merely for indemnity or reimbursement of the compensation paid or to be paid to the employee, but is for the whole cause of action of the injured employee against one responsible in damages for the whole injury, and who cannot interpose the concurring negligence of a joint tort-feasor as a defense. McKenzie v. Missouri Stables, 225 Mo. App. 64, 70, 34 S.W.2d 136, 139, where the court said: "There is nevertheless no doubt that it [the statute in question] gives him [the employer] the right to bring and prosecute the action for damages, not pro tanto, but in its entirety." And in Superior Minerals Co. v. Railroad, 227 Mo. App. 1044, 45 S.W.2d 912, 914, this is said: "Likewise we have held in somewhat the same connection that, even though section 3309, the subrogation statute, does not deprive the injured employee, as a real party in interest, of the right to maintain an action against the third party, yet it does, by a process of conventional subrogation in the nature of an assignment, plainly invest the employer liable for compensation with the right to bring and maintain the action against such third party, in his own name, but for the benefit of both himself and the injured employee. [at 445-446; emphasis supplied; citations omitted]
See also Cyr v. F.S. Payne Co., 112 F. Supp. 526 (D. Conn. 1953); Baker v. Traders & Gen. Ins. Co., 199 F.2d 289 (10 Cir.1952); Williams Bros. Lumber Co. v. Meisel, 85 Ga. App. 72, 68 S.E.2d 384 (Ct. App. 1951); Royal Indemnity Co. v. Southern Calif. Petroleum Corp., 67 N.M. 137, 353 P.2d 358 (Sup. Ct. 1960); Utley v. Taylor & Gaskin, 305 Mich. 561, 9 N.W.2d 842 (Sup. Ct. 1942); Clark v. Chicago, M., St. P. & P.R. Co., 214 Wis. 295, 252 N.W. 685 (Sup. Ct. 1934); Graham v. City of Lincoln, 106 Neb. 305, 183 N.W. 569 (Sup. Ct. 1921); Fidelity & Cas. Co. v. Cedar Valley Electric Co., 187 Iowa 1014, 174 N.W. 709 (Sup. Ct. 1919); City of Shreveport v. Southwestern Gas & Electric Co., 145 La. 680, 82 So. 785 (Sup. Ct. 1919).
G.E. emphasizes that since it does not seek contribution, therefore the Joint Tortfeasors Contribution Act is not relevant to the issue. This contention is without merit. That the Workmen's Compensation Act and the Joint Tortfeasors *306 Contribution Act must be read in pari materia is clearly demonstrated by the Witt case, supra, wherein the position of California prior to the adoption of the Joint Tortfeasors Contribution Act was overruled after the adoption of the act.
Except when construing the right of the employee, the Workmen's Compensation Act, being in derogation of the common law, must be strictly construed. Standard Surety & Cas. Co. of N.Y. v. Murphy, 129 N.J. Eq. 284 (E. & A. 1940); Belfatto v. Massachusetts Bonding & Ins. Co., 39 N.J. Super. 507 (Ch. Div. 1956); Dugan Bros. of N.J. v. Robinson, 139 N.J. Eq. 318 (Ch. 1947). N.J.S.A. 34:15-40 lays out a comprehensive legislative plan for the application of the "statutory subrogation" for the employer or his insurance carrier. How can it be said, in the light of the foregoing, that the court should write in provisions that the Legislature in its wisdom did not? To answer this question a review of our cases construing the Joint Tortfeasors Act as applied to the employer-employee relationship is in order. In Yearicks v. Wildwood, 23 N.J. Super. 379 (Law Div. 1952), the court noted that ordinarily joint tortfeasors statutes are inapplicable to an employer within the terms of a Workmen's Compensation Act as to a third-party tortfeasor, but allowed a third-party complaint where there was contractual indemnification applicable to the employer.
In the Farren case, supra, 31 N.J. Super. 356, the Appellate Division held that an employer could not be held liable as joint tortfeasor. The rationale of this case was that since the employee could not maintain a cause of action against his employer in tort, neither could a third party. The court pointed out (at 361) that plaintiff's employer "was legally exempt from liability in tort * * *".
The issue raised in the present case was presented with ramifications (accident occurred in Pennsylvania and the law of the locus delecti was pleaded) in Zotta v. Otis Elevator Co., 64 N.J. Super. 344 (App. Div. 1960). The procedural deficiency in that case (the denial of the motion to join the *307 employer as a third party) has been cured herein, and this court is in essence presented with the issue unresolved in Zotta. The reason for use of the term "in essence" is that there is no conflict of laws problem involved here. Succinctly put, the question then is whether New Jersey law is more compatible with the majority or minority views as presented heretofore. As Judge Kilkenny said in Zotta:
New Jersey, however, following the majority view holds that where, because of the workmen's compensation law, the negligence of the employer does not give his injured employee a cause of action in tort against him, the third-person tortfeasor cannot recover contribution even though the employer's concurring negligence was the proximate cause of the injury. The essence of the doctrine of contribution, by the New Jersey and majority view, is a common obligation to the person injured by the common tortious conduct. Fault alone is not enough; there must be a joint liability to respond to the injured person in damages for the consequences of the default. [at 348-349; citations omitted]
In New Jersey the employer stands in the shoes of the employee. All defense available against the employee, such as his contributory negligence, are available against the employer. In view of the foregoing and because of the legislative scheme set forth in N.J.S.A. 34:15-40, as matter of public policy, if an employer is to be held liable for a pro tanto share based on his concurrent negligence with that of a third-party tortfeasor, this should be a matter of legislative fiat. If the Legislature had wanted an exception, it could have made provision in either the Workmen's Compensation Act or the Joint Tortfeasors Contribution Act. Having not provided for an exception, the court should not indulge in judicial legislation. The New Jersey workmen's compensation statute dealing with subrogation and the holdings of our courts are akin to that set forth in the General Box Co. case, supra, thus dictating that New Jersey should adopt the majority view.
The motion to dismiss the third-party complaint is granted.