[Civ. No. 2150. Fifth Dist. Oct. 10, 1975.]

LAWRENCE R. SHORT, Plaintiff and Appellant, v.
STATE COMPENSATION INSURANCE FUND, Intervener
and Respondent.

## COUNSEL

Kane, Canelo & Walker and Cyril Viadro for Plaintiff and Appellant.

T. Groezinger, James J. Vonk and George S. Bjornsen for Intervener and Respondent.

## OPINION

**GINSBURG, J.**\*—Appellant, plaintiff below, was a roofer employed by Zerbe Roofing Company. On September 28, 1970, while working on the roof of an unfinished building, appellant and another employee moved a sheet of plywood which was lying on the unfinished roof. Unknown to them, it covered an otherwise unguarded hole in the roof. After picking up one end of the board, appellant walked toward the hole and fell through it, sustaining personal injuries. These were the basis of this action wherein appellant recovered a judgment, based upon a verdict of the jury, against the general contractor on the job, as well as against the owner and the architect. This judgment has not been appealed, and the defendants below are not parties to this appeal.

Respondent was the workmen's compensation carrier for appellant's employer, Zerbe Roofing Company, at the time of the accident. As such, it intervened in the third party action to defend against the *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641] claim. It was successful in obtaining a special finding that appellant's employer, its principal, was free of concurrent negligence. Appellant appeals from the judgment as to this special finding only, a motion for judgment notwithstanding the verdict having been denied by the trial court.

Two issues are presented by this appeal: (1) whether appellant may, as an employee, prosecute this appeal as against his employer, in whose place the respondent stands; and (2) whether appellant's employer was guilty of negligence as a matter of law so that the motion for judgment notwithstanding the verdict should have been granted.

I. *Appellant's Standing.*

█ Respondent contends that, in prosecuting this appeal, the appellant, as an employee, is in fact suing his employer; and that under the

*Assigned by the Chairman of the Judicial Council.

provisions of section 5300 of the Labor Code, enacted pursuant to article XX, section 21 of the California Constitution as part of the Workmen's Compensation Act, exclusive jurisdiction to determine employer-employee disputes is vested in the Workmen's Compensation Appeals Board.[1]

Clearly the appellant, an employee, has substantial rights which would be affected by a determination in the civil action that his employer, Zerbe, was free of concurrent negligence; his claim for future benefits in the Workmen's Compensation Appeals Board proceeding from the employer after recovery from a third party tortfeasor may be affected thereby. (*Roe* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 884, 889 [117 Cal.Rptr. 683, 528 P.2d 771]; see also *Slayton* v. *Wright* (1969) 271 Cal.App.2d 219, 232 [76 Cal.Rptr. 494], and cases cited therein.) In the civil action, the rights of the employer are represented by its insurance carrier, the respondent herein. (See *Brandon* v. *Santa Rita Technology, Inc.* (1972) 25 Cal.App.3d 838, 844 [102 Cal.Rptr. 225].) Because of this privity between the employer and respondent, a finding in that action that appellant's employer was not negligent would be res judicata in a subsequent action between appellant and his employer before the Workmen's Compensation Appeals Board. (*Busick* v. *Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 972-978 [104 Cal.Rptr. 42, 500 P.2d 1386].)

If he were prohibited from proceeding further herein, appellant would therefore suffer the inequity of being bound by the decision without any right of review. That such a result is not contemplated is evident in the language of our Supreme Court in the recent case of *Gregory* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 899 [117 Cal.Rptr. 694, 528 P.2d 782], wherein it was clearly stated that where the employer's negligence has *not* been adjudicated in a third party action, the applicant is entitled to have it adjudicated before the board.[2] Nothing in the

---

[1] Section 5300 of the Labor Code states as follows:

"All the following proceedings shall be instituted before the appeals board and not elsewhere, except as otherwise provided in Division 4.

"(a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto.

". . . . . . . . . . . . . . . . . . . . .

"(f) For the determination of any other matter, jurisdiction over which is vested by Division 4 in the Division of Industrial Accidents, including the administrative director and the appeals board.

[2] Here the court says (at p. 902): "In *Roe* v. *Workmen's Comp. Appeals Bd., ante,* p. 884 [117 Cal.Rptr. 683, 528 P.2d 771], we hold (1) that the concurrent negligence of the employer bars his right to a credit against his liability for compensation for the amount of any recovery for his injury obtained by the employee by settlement of his cause of

decision indicates that the matter *cannot* be determined in the third party action.

It follows that where the matter is litigated in the third party action the injured employee must necessarily have the same right of appeal as any other litigant bound by the decision.

II. *Negligence of Appellant's Employer.*

 Having determined that appellant has standing to bring this appeal, we take up the question of whether appellant's employer and respondent's principal, Zerbe Roofing Company, was negligent as a matter of law.

The uncontradicted evidence showed that appellant's immediate employer was Zerbe Roofing Company, that appellant was directed by his employer to work at the place where the accident occurred, and that the place where he was working at the time was the immediate area where the subcontractor-employer was proceeding with its work.

As appellant's immediate employer, Zerbe was an "employer" under the provisions of the Labor Code and was required to provide a safe place to work or to warn his employees of dangers which were not obvious.[3] The fact that the employer was a subcontractor and that the

action against third parties; and (2) that where the employer's negligence has not been adjudicated in such third party action, the applicant is entitled to have it adjudicated before the Board.

"In the instant case, as previously pointed out, petitioners' third party action for wrongful death was settled before trial and the issue of the employer's concurrent negligence was never adjudicated. Clearly then, under our holding in *Roe,* petitioners are entitled to have such issue determined in appropriate proceedings before the Board and the Board, depending on its determination of such issue, will thereafter allow or decline to allow, as the case may be, the credit provided for in sections 3858 and 3861 of the Labor Code."

[3]Pertinent provisions of the Labor Code are as follows:
Section 6304.1:
" 'Employee' means every person who is required or directed by any employer, to engage in any employment, or to go to work or be at any time in any place of employment."
Section 6400:
"Every employer shall furnish employment and a place of employment which are safe and healthful for the employees therein."
Section 6401:
"Every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful. Every employer shall do every other thing reasonably necessary to protect the life, safety, and

general contractor on the job was found to have been in violation of a duty to appellant does not prevent appellant's immediate employer from having a simultaneous nondelegable duty to see to the safety of its workmen. (*Conner* v. *Utah Constr. & Mining Co.* (1964) 231 Cal.App.2d 263, 276 [41 Cal.Rptr. 728].) The statutory duty to see to the safety of workmen and to comply with the Labor Code provisions and applicable safety orders is imposed not only on the general contractor but also on the subcontractor as the immediate and direct employer. (*Conner* v. *Utah Constr. & Mining Co., supra,* at pp. 276-277; *Souza* v. *Pratico* (1966) 245 Cal.App.2d 651, 657-658 [54 Cal.Rptr. 159].)

Looking further to the evidence, we find that it is uncontradicted in the record that certain safety orders were violated.[4] These violations included the failure to either secure a covering over the hole or fence it off and the failure to place appropriate warning lettering on the cover over the hole. Furthermore, again according to the uncontradicted testimony, Zerbe, the employer, knew by virtue of the knowledge of its foreman, Poole, that there might be holes in the roof, but no inspection was made prior to the start of work and no efforts were made to determine the safety of the employees or to warn them of the possible hazard.[5]

---

health of employees."
Section 6402:
 "No employer shall require, or permit any employee to go or be in any employment or place of employment which is not safe and healthful."
Section 6403:
 "No employer shall fail or neglect:
 "(a) To provide and use safety devices and safeguards reasonably adequate to render the employment and place of employment safe.
 "(b) To adopt and use methods and processes reasonably adequate to render the employment and place of employment safe.
 "(c) To do every other thing reasonably necessary to protect the life, safety, and health of employees."
Section 6404:
 "No employer shall occupy or maintain any place of employment that is not safe and healthful."
Section 6405:
 "No employer, owner, or lessee of any real property shall construct or cause to be constructed any place of employment that is not safe and healthful."
 [4]California Administrative Code, title 8, section 1632, provides in pertinent part:
 "(a) If sheathing or any other surfacing provides a passageway that extends to any side of a floor or roof opening through which a man or material might fall, such opening shall be covered with planks or other secure covering of adequate strength to support any load that might be placed thereon, or it shall be fenced on all sides by a railing and toeboard.
 "Said covering shall be secured in place to prevent accidental removal or displacement, and it shall bear an approved pressure sensitized sign or equivalent with letters not less than 1 inch or more high, stating: 'Floor (Roof) Opening—Do Not Remove.' "
 [5]California Administrative Code, title 8, section 1511, reads as follows:
 "(a) Every reasonable effort shall be taken to insure the safety of the workmen in all

■ An Administrative Code safety order has the same effect as a statute (*Hyde* v. *Russell & Russell, Inc.* (1959) 176 Cal.App.2d 578, 583 [1 Cal.Rptr. 631]); a violation of such a safety order, like the violation of a statute, gives rise to a rebuttable presumption that the person who failed to comply with such safety order or statute was negligent. (See Evid. Code, § 669.) ■ Here there was no rebutting evidence to show that the person violating the statute, appellant's employer through its foreman Poole, did what might reasonably be expected of a person of ordinary prudence acting under similar circumstances.

In the case of *Souza* v. *Pratico, supra,* 245 Cal.App.2d at pages 661-662, the court reviews the facts of three cases wherein the employer was held concurrently negligent[6] and says of them: "In all of the above three cases, the employer under the uncontradicted evidence directed the injured employee to work or knew that the latter would in all likelihood work in an unsafe place. No other conclusion was reasonably deducible from the evidence than that the employer violated a duty owed to his employee to provide a safe place to work and that his negligence in this respect was concurrent with the negligence of the general contractor or owner and proximately contributed to the employee's injuries." (245 Cal.App.2d at pp. 661-662.) The same language and conclusion is equally applicable to the case at bench.

We therefore find that as a matter of law the employer in this case, Zerbe Roofing Company, was concurrently negligent in connection with appellant's injuries. The trial court is directed to modify the finding of the jury to conform to this opinion, and as so modified the judgment is affirmed.

The appellant shall have his costs on appeal.

Gargano, Acting P. J., and Franson, J., concurred.

---

situations.

"(b) No worker shall be required or knowingly permitted to work in an unsafe place, unless for the purpose of making it safe and then only after proper precautions have been taken to protect him while doing such work.

"(c) Prior to the start of work, the employer shall make a thorough survey of the conditions of the site to determine so far as practicable the predictable hazards to employees and the kind and extent of safeguards necessary to prosecute the work in a safe manner."

[6]The cases referred to are: *Conner* v. *Utah Constr. & Mining Co., supra,* 231 Cal.App.2d 263, *Scott* v. *John E. Branagh & Son* (1965) 234 Cal.App.2d 435 [44 Cal.Rptr. 384], and *Jones* v. *McFarland Co-op Gin, Inc.* (1965) 237 Cal.App.2d 94 [46 Cal.Rptr. 572].